Number 17-1802, Mr. Carpenter, when you're ready. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Henry Conway. The issue in this case is whether or not a timely filed notice of disagreement can be expanded in a second filed notice of disagreement, which is made outside of the statutory one-year time frame. In other words, we have a timely notice of disagreement, and we have an untimely notice of disagreement. Mr. Conway's appeal does not dispute the language in 7105B that requires a notice of disagreement to have been filed within one year from the date of mailing of the VA's decision. Mr. Conway's appeal does seek an interpretation of 7105B that nothing within the plain language of that statute precludes what occurred in this case, which is merely an expansion of a timely filed notice of disagreement to include an additional issue that was not previously identified in the timely filed notice of disagreement. How do you respond to the language of the regulation, 38 CFR 20.201, which states that your original notice of disagreement should have identified the specific determinations with which the claimant disagrees? I believe that that regulation applies only to the substantive appeal and does not apply to the notice of disagreement, that the function of the notice of disagreement is only to put the government on notice, put the VA on notice, that there is an intention to potentially appeal a decision. The language of the regulation pertains to the identification of issues when the appeal is completed with the substantive appeal. Therefore, that does not apply in this context, but only applies when you have finished your appeal. I'm missing something, Mr. Carpenter. 20.201 notice of disagreement is a definition of a notice of disagreement. The regulation was promulgated because there was an appreciation of the fact that a notice of disagreement had not been defined in the statute. It's a definition. Yes. It doesn't have a definition that applies at one stage of the proceedings as opposed to another stage of the proceedings. It applies to all stages of the proceedings. Yes, Your Honor, and all it requires is that the notice of disagreement itself contain that information. I was not clear. What I'm suggesting is that there's no difference. There's mandatory language that says, you know the regulation as well as I do. The specific determinations with which the claimant disagrees must be identified. Yes, and they were. And then they give an example. And they were in both filings. The question is whether or not the second filing is somehow out of time because what was identified in the second filing was not identified in the first. The question here is what is the function of that information for the government? The function of that information is so the government can prepare a statement of the case. The statement of the case under the facts of this case, and unfortunately it has been the circumstance for some time, was 29 months after the filing of the notice of disagreement. So there was no prejudice to the VA in not knowing between filing one and filing two of the specific information. But are we supposed to look at whether there's prejudice? I mean we've got a regulation with very clear language in it, and I understand your point. I truly do. But it says specifically, it defines what the notice of disagreement is, and it says if there's adjudicative determinations on several issues at the same time, the specific determinations with which the claimant disagrees must be identified. And here a specific determination was identified. It wasn't a general identification of all three time periods, for example. There was just an identification of one, and the others weren't mentioned. That's correct. And the question then becomes, is there some reason that the requirement to identify that cannot be extended beyond the one year? That regulation does not say that must be identified in that one year period. It simply says that you have to identify with some degree of specificity which determination. So in filing one, there was that specificity. And in filing two in this case, there was the specificity. The question here is whether or not the statute excludes the possibility of Is there any time requirement, Mr. Carpenter, on the filing of the second one? I think it would have to be filed before the statement of the case has been submitted by the VA. No, I do not believe there is any specific time frame. Well, if the statement of case had not been issued, and unfortunately there are cases in which the statement of case wasn't issued for more than five years. But the statement of the case is issued for the not, right? In response to the notice of disagreement. That's correct, Your Honor. And the point being that in this case, the VA was on notice in more than ample time to prepare the statement of the case. So let's assume you have a nod number one that deals with, say, issue number one. Say, for example, the veteran filed an initial claim for a disability with an arm and with a leg. Correct. And so the nod number one has the arm, okay? And that's filed within a year. Yes. So that's timely. And so that nod is on the arm, so there will be a SOC on the arm. Nothing about the leg. Leg's quiet, right? Correct. Ten years later, the veteran comes in and files a nod on the leg. It's out of time, Your Honor. There's no question. It's out of time. Why? Because there was no notice of disagreement filed on that. Well, he wants to do it as an extension of the original notice of agreement. He comes in and says, I've got this expanded notice I'm filing. And he has done it prior to the time in which the VA has issued the statement of the case. No, no. There's never been a statement of the case on the leg issue. That's correct. It was only on the arm, because the nod was on the timely nod on the arm. Statement of the case goes on, goes on, goes on, goes on. But 7105B expressly... And then I say five years later, they get a smart lawyer, sophisticated lawyer, who... They give you a lot of it. A sophisticated lawyer comes in and says, well, I forgot to do anything about the leg back when I filed my original nod. I'm now going to file an expanded nod on the arm because I want to now get a statement of the case on the leg. I want to go forward on the leg. But 7105B is clear that that notice of disagreement had to be filed within one year of that determination. What determination? Your second nod, your expanded nod, is not within a year from the original time. Correct. That's why you got thrown out. Yes. And so what you're trying to do is to avoid that one-year time lag by saying, this is not a new nod, this is an expanded nod. In the time frame before the statement of the case is issued. Sure, before the statement of the case, in my case, on the leg. Yes. So all I'm trying to do is to figure out... You know, Mr. Carver, I always like to know how many hundred thousand cases are backed up in your shop. And so it looks to me like there isn't any time limit on an expanded nod, provided a statement of the case hasn't been issued on the issue you're trying to put into your expanded nod. No. It's a statement of the case on the determination, on the ratings action that was taken. That's what 7105B is about. You have one year to file the notice of disagreement on the rating decision that was made by the VA, whether that encompasses one issue or 50 issues. Well, the rating decision is the RO decision that turns you down. That's correct. That's correct. And that included both of these issues, or in your hypothetical, both the arm and the leg. Your expanded nod was more than a year after the rating decision, and you're now trying to get into the old nod. That's correct. So you're out of time. If you're keying from that date, the rating decision is the key date that triggers the one year. That doesn't have anything to do with a statement of the case. And the question... Right? Yes. Statement of the case counts well afterwards. After you do a nod, the purpose of the statement of the case is to help you get ready to go to the BVA. Right. So I don't understand what the statement of the case has got to do with the timing requirement of one year from the RO. I don't see how you can bootstrap some extra time in here because the case either has or hasn't been issued. I am not asking to bootstrap additional time. What I am asking for is whether or not the language of the statute prohibits expanding. You want the benefit of the original filing date? Yes, because... You want the benefit of your original nod, which was timely filed within one year from the RO. It dealt with a bunch of issues. That's correct. And you... And that's sufficient. And you, at the time that you filed your first nod, you were fully aware of Calaro and Ledford, because you were here with Mr. Horan when they were being argued, and you were here in MedJIT as amicus curiae, right, when all those issues were ventilated. Yes. And you knew that if you had two issues that had been adjudicated, two issues that the RO had decided on, and you only took one up, you knew which side of Calaro and Ledford you fell on. Well, I'm not sure I would go quite that far, because I do think that Calaro allows what took place here. The question is, Calaro was in a... That's not your argument. No, I understand that. No, no. No, no. But you raise Calaro as to whether or not it was or wasn't applicable, and I was simply responding that I think that... Is Calaro one of the cases where the notice of disagreement was more general? Was more general. That's correct. And then later there was an attempt to make a... It was calligraphic. And that was the reasoning of this court in Calaro, that because it was... It does seem a little different here, though, doesn't it? Oh, yes. I mean, it's quite a bit different, because your original notice of disagreement is a specific claim, and then you're trying to supplement that with a different specific claim. That's correct, Your Honor, and the question is, is in the context of veterans' law, in the context of this statutory scheme, is it prejudicial to the government that the notice was provided at a date beyond the one year on the second issue? The problem is I don't understand why I'm looking at prejudice to the government. I think I'm supposed to just be interpreting the regulation, which is quite clear on its face, and not looking to see whether equity requires me to say, oh, they should have allowed this here because it's more fair. No, no.  There's no prejudice to the government. Where do you read in prejudice to the government into the regulation or the statute? It is the question of whether or not there is any prohibition that exists in the statute. The regulation does not speak to the time limit. The regulation merely speaks to specificity. The regulation does not affect the circumstances of whether or not the statute does or does not permit this. I see that because of the questioning, I'm into my rebuttal time. I'd like to reserve some of that. Thank you. Good morning, Your Honors, and may it please the Court. The question here is whether Mr. Conway should be excused from the statutory time limits for filing his Notice of Disagreement, where he admittedly did not include the initial 50% rating in his first Notice of Disagreement. Because Mr. Conway specifically appealed only the reduction from the 100% rating for post-traumatic stress disorder in 2008, and did not appeal the initial 50% rating, his Notice of Disagreement on that issue was untimely. We know what the facts are. Are you relying on the statute or on the regulation? Your Honor, it's a combination of both the statute and the regulation. What in the statute supports your argument? Your Honor, 7105A specifically requires that a Notice of Disagreement be filed. I'm sorry. The Notice of Disagreement must be filed within one year pursuant to Section 7105B. That's all it says, right? It does, Your Honor. The statute says you have to file a nod within a year, right? Correct, yes. The statute requires that a Notice of Disagreement be filed within one year, which is then defined in the regulation. Okay, and here we have Mr. Carbiner on behalf of his client, timely filed a nod within a year of the RO decision as to some issues, correct? Yes, Your Honor. That was timely. And what he's trying to do is to say he wants to supplement that original filing. Correct. Well, add an additional issue here. And he wants to supplement that because he realizes that his second nod was over a year from the RO decision. So he's very candid and admits that that's out of time. So he says, I want to supplement my initial nod. What in the statute stops him from supplementing a timely file nod with a later, untimely, later supplement? Well, Your Honor, Section 7105A states that appellate review is initiated by the Notice of Disagreement. The notice and the Notice of Disagreement must be filed within one year. But because Mr. Conway's Notice of Disagreement did not include the second issue, appeal on that issue was never initiated within the one-year period. What he's viewing this system as though the one year were like a statute of limitations for filing a cause of action, and you file a complaint, he's actually arguing he wants to be able to amend his complaint. And as you know, generally in litigation, if for good cause shown, you're allowed to amend complaints. The amending that complaint doesn't go against the statute of limitations timing for having originally filed it. I think that's where he is. He's in the concept of an amended complaint. Well, Your Honor, I believe that an amended complaint is allowable in some circumstances if the complaint can be related back to the initial date of filing the complaint. But here, the appellate review was never initiated on the second issue because Mr. Conway did not file a Notice of Disagreement on that issue. And as- Yeah, but I urge you more thing. That's why I asked you, where are your eggs? Which basket are you in? The statute simply uses the word Notice of Disagreement. It doesn't define the term. Correct, Your Honor. Am I correct in thinking that 38 CFR 20.201 fills a gap, if you will? It defines that term? It does, Your Honor, as this court found in- And that was adjudicated here as to whether that was a proper interpretation, right? Yes, Your Honor. And the language of the regulation, as was discussed earlier, requires that the specific determinations with which the claimant disagrees must be identified in the Notice of Disagreement. So do you think that the force of Mr. Carpenter's argument were he to succeed would allow him, for example, in my hypothetical, the arm and leg, to bring the leg issue back five years later and say, I'd like now to amend my original arm nod to add the leg? Your Honor, I believe that Mr. Carpenter's argument here appears to go even beyond what he had argued in- Well, I'm trying to just get a hold of the consequences when you're representing the government. Isn't it so that Mr. Carpenter would be able to go into his files and look for all the cases in which fewer than all of the RO determinations were actually nodded, but so long as there was one timely nod, he could come back and add in any of those decisions from the RO going back however far you wish to then put them into a nod and get a statement of the case and proceed? Your Honor, I do believe that Mr. Carpenter's argument here would suggest that you could bring a new issue much later as long as there was not a statement of the case. That's what I'm trying to get at. We hadn't talked about it earlier. Mr. Carpenter was talking about prejudice this way, prejudice that way. Unless I'm wrong, and either one of you can please correct me, the reason for the one-year timing on the need for a nod is that the agency has thousands and thousands of these cases, and the whole idea is to have some timely sense of what's going to happen with a veteran who disagrees with an RO determination, so there can be some timely processing for the benefit of the veteran of these claims. Correct, Your Honor. The notice of disagreement is what initiates the appeal and starts the whole statement of the case process, but that process is very involved. It can include new medical information. It can include a new examination for... We know from the jackbird seat that we have looking down on the bottom of the pyramid, we know exactly how long it takes to do those things. Yes, Your Honor, and to allow a veteran to initiate a new notice of disagreement or a new appeal well into that process simply because a statement of the case had not already... The statement of the case hasn't been prepared yet. Is it really well into the process? Well, again, the statement of the case process includes all of the review of the information that's already in the file and new information provided by the veteran, potentially a new medical examination, and again, to allow a veteran to bring a new issue into the process after that process has begun would simply slow the entire process down. Can I ask you a different question, which is... I'm trying to get a sense of how common of a problem this is. I think, for example, analogizing this to a notice of appeal to this court, most of the time you'll see that parties will just appeal the entire case, notice appeal from the judgment. How often does it occur that somebody files a notice of a disagreement that's not more general and is not raising all of the aspects of determination below? Your Honor, I'm not sure I can say exactly how common it is. I do know that in the cases that we've cited in our brief, typically the notices of disagreement have been read to only include the issue that was presented in the notice of appeal. In the Veterans Court decision in Jarvis and in Mecham versus Shinseki, the Veterans Court found that where a veteran was only appealing the earlier effective date, the veteran could not come in later and appeal the actual rating decision. I found over 100 cases at the CAVC that involved this issue. The BVA and the CAVC seems to be living in the Ledford-Colaro world and being able to figure out which cases fall on which side of the line. Correct, Your Honor. Those two cases read together with the regulation seem to allow for a broader notice of disagreement to include multiple issues farther down the road. But a more specific notice of disagreement is, you know, the veterans have been held to this specific issue. It's not so much a broader issue. What did you bring me in the first place? Exactly. That's what Colaro is saying. We're going to have to figure when you don't tell me much about what it is you're trying to bring, we're going to be generous in allowing you to argue how much you were bringing up from the ARO. Yes, Your Honor, and in this case specifically, Mr. Conway only addressed the We know what he did. Yeah, the 2008 decision. He knows what he did. Again, because the rating decision in this case included multiple issues, you know, because Mr. Conway only appealed the one specific issue, he should be held to only that issue on appeal. Because no appeal under Section 7105 was initiated because there was no notice of disagreement timely filed. And this problem has been solved going forward with a new regulation, which is much more specific, right? There's a form that you have to use. Yes, Your Honor, there is now a form that could alleviate this. And if you use the form, then you're led for it, and if you don't use the form, you're COLARO, right, under the new regulation? It may make it easier to specify the issue. No, but doesn't the new regulation provide that if you don't use the form, you don't get expelled? The veteran doesn't lose his or her rights. It's just that they're sort of falling back into COLARO land, aren't they? Right, Your Honor, if the new form is not used, then it would sort of depend on exactly what language the veteran used in the notice of disagreement. Does the veteran have a choice to use the form? Maybe Mr. Carpenter knows the answer to that question. I'm not sure, Your Honor. Well, the form is a trap for the unwary, right? You fall in the same problem that Mr. Carpenter's client has here. If you use the form, it's like checking the boxes, and you only check two boxes, then you're out of luck. You can't raise anything else later. Yes, Your Honor, if you specifically identify the issues on the form. Whereas if you're smart enough not to use the form, then you presumably can bring up all the issues you want later. Well, you know, I believe that the regulation talks about what can be reasonably construed by your notice of disagreement. And, yes, if you're filing a broader, more general notice of disagreement, perhaps it can be reasonably construed to include more issues than a specific one. But, again, that's not the situation that we have here. If there's no further questions, we would ask the Court to affirm the Veterans Court decision. Mr. Carpenter. Well, I'm not sure that this problem is remedied by the new form, or that it really creates the circumstance that you are addressing. I wasn't certain that the form really got us out of the soup. Actually, it does, but you still have to use the form, and there is a sanction if you don't use the form. If you can stay general and just say, I generally appeal each of these determinations, but you have to identify each determination without specifying what it is about that that you're disagreeing with. There's a box to fill in if you wish to disagree with it. However, the processing concerns that are expressed by the government really have been ended by Congress in the new appeals reform legislation that goes into effect in February of next year, because appeals will only be initiated by a notice of disagreement in which you must specify in the notice of disagreement those issues. But the difference is that the regional office is no longer in the process. Those notices of disagreement will be filed directly with the board. So the board is now the appellate body, and the regional office is only the adjudicative body. Increasing need for sophisticated counsel to help the veterans in the future. For a system that was intended to be veteran-friendly, it has evolved that it becomes of necessity. I really have no further questions unless the court, or excuse me, further argument unless the court has further questions. Thank you very much. Thank you.